**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAUL SANCHEZ ZAVALA,<br><br>          Petitioner,<br><br>     v.<br><br>PAUL COPENHAVER, Warden,<br><br>          Respondent. | Case No. 1:14-cv-01203-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 1) AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed by Petitioner on August 25, 2014. Pending before the Court is the petition, which was filed on July 31, 2014.

I.  Screening the Petition

The Rules Governing Section 2254 Cases in the United States

District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

2

can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges that he is an inmate of the United States Penitentiary at Atwater, California, who suffered a denial of due process in the course of prison disciplinary proceedings that resulted in a decision by a disciplinary hearing officer (DHO) to sanction Petitioner with a loss of ninety (90) days of telephone privileges but no loss of good conduct time credit.  (Pet., doc. 1 at 2, 14.)

Petitioner raises the following due process claims in the petition: 1) the Petitioner was denied his right to an impartial decision maker; 2) a unit disciplinary committee (UDC) officer denied Petitioner the right to request evidence for the hearing before the DHO; 3) the DHO denied Petitioner the opportunity to present evidence in his defense; and 4) a named correctional officer planted contraband in Petitioner's cell.  Petitioner requests that the disciplinary finding be expunged.  (Id. at 6-8.)

Documentation attached to the petition shows that Petitioner's sanction was only a loss of privileges and not a loss of good conduct time credits or any other penalty that could affect the legality or duration of Petitioner's confinement.  (Id. at 14.)

II.   Conditions of Confinement

A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir.

3

2000).  Relief by way of a writ of habeas corpus extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1) & (3).  A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens[1] action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of confinement and thus should have been construed as a petition for writ of habeas corpus pursuant to § 28 U.S.C. § 2241, but that to the extent that the complaint sought damages for civil rights violations, it should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (unpublished) (holding that the appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under Bivens; but see, Bostic v. Carlson, 884 F.2d 1267, 1269

---

[1] The reference is to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

4

(9th Cir. 1989) (holding that habeas corpus is available pursuant to § 2241 for claims concerning denial of good time credits from subjection to greater restrictions of liberty, such as disciplinary segregation, without due process of law); Cardenas v. Adler, 2010 WL 2180378 (No.1:09-cv-00831-AWI-JLT-HC, May 28, 2010) (holding that a petitioner's challenge to the constitutionality of the sanction of disciplinary segregation and his claim that the disciplinary proceedings were the product of retaliation by prison staff were cognizable in a habeas proceeding pursuant to § 2241).

Claims concerning various prison conditions that have been brought pursuant to § 2241 have been dismissed in this district for lack of subject matter jurisdiction with indications that an action pursuant to Bivens is appropriate.  See, e.g., Dyson v. Rios, 2010 WL 3516358, *3 (E.D.Cal. Sept. 2, 2010) (a claim challenging placement in a special management housing unit in connection with a disciplinary violation); Burnette v. Smith, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009) (a petition seeking a transfer and prevention of retaliation by prison staff); Evans v. U.S. Penitentiary, 2007 WL 4212339 at *1 (E.D.Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer and inadequate medical care).

Here, Petitioner's claims concern conditions of confinement that do not bear a relationship to the legality or duration of his confinement.  Because these claims relate solely to the conditions of his confinement, it is concluded that the Court lacks habeas corpus jurisdiction over the claims pursuant to § 2241.

5

Further, the Court notes that the totality of the sanctions imposed upon Petitioner are documented in the reports that Petitioner submitted with the petition.  Thus, even if leave to amend were granted, Petitioner could not state a tenable habeas corpus claim concerning the disciplinary proceeding that would affect the legality or duration of his confinement.

III.  <u>Remedy</u>

Although the Court lacks habeas corpus jurisdiction over the claims concerning conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to <u>Bivens</u>.  <u>See</u>, <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971).

However, the Court declines to construe the petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other.

If the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $350 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds.  28 U.S.C. §§ 1914, 1915(b).  The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $350 filing fee. Here, the petition was not accompanied by the $350 filing fee or an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b).

Further, the capacity of the parties is not set forth.

Therefore, it is concluded that it is appropriate to dismiss the petition without prejudice so that Petitioner himself may

1  determine whether or not he wishes to raise his present claims

2  through a properly submitted civil rights complaint.[2]

3      IV.  Order

4      Accordingly, it is ORDERED that:

5      1) The petition for writ of habeas corpus is DISMISSED without

6  prejudice for lack of subject matter jurisdiction; and

7      2) The Clerk is DIRECTED to close the action because the

8  dismissal terminates it in its entirety.

9

10  IT IS SO ORDERED.

11      Dated:   **August 26, 2014**          /s/ *Barbara A. McAuliffe*

12                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

---

26

27  [2]  Issuance of a certificate of appealability is not addressed in this order
because a certificate of appealability is not required to appeal the denial of a
petition under § 2241.  Forde v. United States Parole Commission, 114 F.3d 878,

28  879 (9th Cir. 1997)(holding that a §2241 petitioner in federal custody need not
obtain a COA as a prerequisite to appeal).

7